IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SECRET OF THE ISLANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2-17-cv-00342 |
| | ) | |
| HYMANS SEAFOOD COMPANY INC., | ) | **ORDER** |
| ELI HYMAN, AARON HYMAN, BRAD | ) | |
| GENA, HOLY CITY SKIN PRODUCTS, | ) | |
| INC., U.S. FOODS, INC., USA | ) | |
| DISTRIBUTIONS, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion to dismiss filed by U.S. Foods, Inc., ECF No. 23, and a motion to dismiss filed by Hymans Seafood Company, Inc., Eli Hyman, Aaron Hyman, Brad Gena, and Holy City Skin Products Inc., ECF No. 16. For the reasons set forth below, the court grants in part and denies in part the motions to dismiss. Additionally, the court orders plaintiff Secret of the Islands ("SOTI") to file an amended complaint and instructs it to delineate which facts apply to what claims as well as which claim is levied against which defendant.

**I. BACKGROUND**

SOTI is in the business of selling soaps and personal skin care products to retailers and packaging the products in mason jars. Compl. ¶ 16. SOTI uses a marketing method including slogans such as "Turn your bathroom into a profit center," "turn your bathroom into a display," "turn your bathroom into a showroom," and "turn your bathroom into a display and showroom." Id. ¶ 1(A). SOTI brought this action against defendants, Hymans Seafood Company, Inc. ("Hymans"), Eli Hyman ("Eli Hyman"),

1

Aaron Hyman ("Aaron Hyman"), and Brad Gena ("Gena") (Hymans, Eli Hyman, Aaron Hyman, and Gena collectively "Hyman Group"), Holy City Skin Products, Inc., ("HC"), (Hyman Group, and HC collectively "Hyman defendants"), and U.S. Foods, Inc. ("US Foods"), USA Distributions, LLC ("USA Distributions") (all defendants collectively referred to as "defendants"). Id. at 1. Hyman defendants were SOTI's clients before creating and operating their own company called Holy City Skin Products, a company that sells personal skin care products. Id. ¶ 1(A)-(P).

SOTI alleges that defendants have been displaying similar products, samples, and displays using a similar marketing method and display of "Turn your bathroom into a display." Id. ¶ 1(B). In some cases, SOTI alleges defendants have used SOTI's products to fill mason jars and sell it as their own product. Id. ¶ 1(C). SOTI alleges that its manager and then its sales representative contacted Eli Hyman to inform him that Hymans was selling SOTI's product in infringing jars and that it was a violation of SOTI's intellectual property rights. Id. ¶ 1(E). In July 2012, SOTI's manager Johnny Hoy ("Hoy") spoke to US Foods and informed US Foods that Hymans had stolen SOTI's marketing and products. Id. ¶ 8. As a result of defendants' intellectual property infringement, SOTI was forced to decrease the sales price of its products from 35% to 60% and has lost a number of sales accounts to Hyman defendants. Id. ¶ 1(K).

SOTI filed this action on February 3, 2017, alleging a number of claims against defendants:[1] (1) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.; (2) false advertising in violation of the Lanham Act; (3) false designation of origin in violation of section 1125 of the Lanham Act, which protects both registered

---

[1] SOTI does not make clear which claims are assessed against which defendants.

trademarks and unregistered and valid trademarks; (4) trademark violation under the Lanham Act; (5) trade dress infringement in violation of the Lanham Act; (6) unfair competition under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39–5–10, et seq. ("SCUTPA"); (7) deceptive trade practices under SCUTPA; (8) common law unfair competition; (9) action for damages due to federal copyright infringement; (10) injunctive relief to impound records and destroy infringing articles under 17 U.S.C. § 503; (11) accruing damages for US Patent Pending; (12) trade secrets including formulas, methods of marketing, general sales practices, customer lists under the S.C. Trade Secrets Act; (13) trade secret formulas and reverse engineering under the S.C. Trade Secrets Act. Compl. pp. 1–32. The court groups the claims into the following categories for ease of reference: (1) Lanham Act; (2) SCUTPA; (3) common law unfair competition; (4) action for damages due to federal copyright infringement; (5) injunctive relief under 17 U.S.C. § 503; (6) damages for US Patent Pending; (7) SC Trade Secrets Act. SOTI asks the court for injunctive relief and to grant damages of $20,160,000 for the decrease in sales prices, $31,104,000 for loss of accounts, and $129,600,000 for online reorders, as well as full costs and attorneys' fees.

      Hyman defendants brought a motion to dismiss on March 7, 2017. ECF No. 16. SOTI responded on March 21, 2017. ECF No. 18. US Foods filed a motion to dismiss on March 24, 2017. ECF No. 21. SOTI responded on April 4, 2017. ECF No. 23. US Foods replied on April 18, 2017. ECF No. 29. Both motions have been fully briefed and are now ripe for the court's review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## III. DISCUSSION

SOTI may have a number of meritorious claims against defendants.[2] However, the court is precluded from considering a number of these claims by procedural bars, namely the statute of limitations.[3] The court organizes its analysis by first discussing procedural doctrines that bar entire sets of claims, and then moves to discuss each count in the complaint. It gives SOTI leave to amend the complaint.

### 1. Statute of Limitations

Hyman defendants first argue that the statute of limitations bars all of SOTI's SCUTPA and S.C. Trade Secrets claims. ECF No. 16 at 4. The court agrees.

The applicable statute of limitations for SCUTPA is three years. Abrasives-S., Inc. v. Awuko Abrasives Wandmacher GmbH & Co. KG, 2016 WL 8116893, at *2 (D.S.C. Aug. 17, 2016). The statute of limitations for trade secret misappropriation is

---

[2] US Foods rests its motion to dismiss on grounds that are slightly different from the grounds that the Hyman defendants use, but states that it "joins the arguments made by its co-defendants" in sections 1–2 (standing for allegations based on intellectual property, statute of limitations), 4–8 (copyright infringement allegations insufficient to state a claim, trade dress allegations insufficient to state a claim, successful competition is not a cognizable claim, trade secret allegations insufficient to state a claim) of the Hyman Defendants motion to dismiss that are directed to the sufficiency of the allegations in the complaint. Therefore, for organizational purposes the court separates its analysis by the counts in the complaint.

[3] While the complaint is certainly not a model of clarity, defendants' argument that the entire complaint should be dismissed because it is "disorganized and repetitive" and that the allegations are "difficult, if not impossible, to understand" is largely without merit. ECF No. 23 at 1. That being said, the court orders SOTI to file an amended complaint, and emphasizes that the amended complaint should delineate which claim applies to which defendant so that the various named defendants are on notice about which of the thirteen counts are levied against them. This is particularly important given that SOTI uses the terms "defendant" and "defendants" interchangeably. It is especially unclear what facts support the proposition that any of the individually named defendants Eli Hyman, Aaron Hyman, and Brad Gena would be personally liable. It is also unclear what role Hymans Seafood Company played in this matter.

also three years.  S.C. Code Ann. § 39-8-70 (2016).  Under "the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct."  True v. Monteith, S.E.2d 615, 616 (S.C. 1997).

With that starting point, the court now turns to determining which claims are time-barred under the statute of limitations.  In a section of the complaint headlined "history of Plaintiffs putting defendant USF on notice since 2012," SOTI discusses that in July 2012, Johnny Hoy, the manager at SOTI, "told [US Foods] that Hymans stole the marketing, product, intellectual property and put him on notice."  Compl. ¶ 8.  SOTI alleges that in response, the US Foods Representative answered that "that is between you and Hymans."  Id.  This proves that at least by July 2012, SOTI was aware that Hyman defendants were embarking on infringing activity and that US Foods was selling the "pirated" goods.  The complaint was not filed until February 3, 2017—nearly five years after SOTI knew that a cause of action for intellectual property infringement existed.  Applying the discovery rule, the statute of limitations for SOTI's claims against the Hyman defendants and US Foods related to intellectual property and infringement began to run in July 2012 at the latest.  Even viewing the pleadings in a light most favorable to SOTI, it is clear that the SCUTPA and SC Trade Secret claims accrued by July 2012.  Therefore, all of SOTI's SCUTPA and S.C. trade secret misappropriation claims are barred by the three-year statute of limitations.

The statute of limitations analysis for SOTI's Lanham Act claims is more nuanced.  Although the Lanham Act does not provide an express statute of limitations, the Fourth Circuit has stated that "it is proper to use the analogous state limitations period

for Lanham Act suits." PBM Prod., LLC v. Mead Johnson Co., 639 F.3d 111, 121 (4th Cir.2011). Under South Carolina law, the relevant and applicable statutory period is three years. See S.C. Code Ann. § 15–3–530 (three-year limitations period for actions other than for recovery of real property); S.C. Code Ann. § 39–5–150 (three-year limitations period for actions under the South Carolina Unfair Trade Practices Act). This Lanham Act claim was filed on February 3, 2017, and thus, applying the three-year statute of limitations, all claims must have accrued on February 3, 2014, or later.

The statute of limitations does not shield a defendant from liability for wrongful acts actually committed during the limitations period—here, the three-year statute of limitations for Lanham Act claims would not bar SOTI from asserting a claim for any infringing acts that Hyman defendants and US Foods committed after February 3, 2014. Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001) (holding that each sale should be considered separately under a trademark infringement analysis, and that the statute of limitations does not bar claims based on infringing activity shown to have occurred within the limitations period). Of course, SOTI cannot recover for claims that accrued before February 3, 2014. Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 201 (4th Cir. 1997).

Therefore, the statute of limitations puts up a procedural bar to the following counts in the complaint: count 1 for unfair competition in violation of the Lanham Act for claims accrued before February 2014; count 2 for false advertising in violation of the Lanham Act for claims accrued before February 2014; count 3 for false designation of origin in violation of the Lanham Act for claims accrued before February 2014; count 4 for trademark infringement in violation of the Lanham Act for claims accrued before

February 2014; count 5 for trade dress infringement in violation of the Lanham Act for claims accrued before February 2014; count 6 for unfair competition under SCUTPA for all claims; count 7 for deceptive trade practices under SCUTPA for all claims; count 12 for trade secrets under the S.C. Trade Secrets Act for all claims; count 13 for trade secret formulas and reverse engineering under the S.C. Trade Secrets Act for all claims.

### 2. Lanham Act

SOTI brings a number of claims against Hyman defendants and US Foods under the Lanham Act, namely for unfair competition, false advertising, false designation of origin, trademark infringement, and trade dress infringement. Before analyzing the merits of each Lanham Act claim, the court assesses whether SOTI has met the procedural requirements to be able to assert a Lanham Act claim.

#### a. Standing for Lanham Act claims

For claims of trademark infringement and unfair competition under the Lanham Act, a plaintiff must show the court that "it ha[d] a valid, protectable trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." Synergistic Int'l, LLC v. Korman, 470 F.3d 162, 170 (4th Cir. 2006). The Supreme Court has explained that the Lanham Act "provides national protection of trademarks in order to secure <u>to the owner of the mark</u> the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 198 (1985) (emphasis added). A trademark includes any word, name, symbol, or device used by an individual to identify and distinguish his goods "from those manufactured or sold by others and . . . [to] indicate the source of the goods." 15 U.S.C. § 1127.

Here, SOTI has a copyright registration certificate for the display sign, jar, and display—but only since January 11, 2017, when the certificate of registration was issued. Compl., Ex. 10, USPTO Certificate of Registration. The language of the copyright registration certificate does not make clear if the copyright extends to all of the slogans that SOTI claims it does—namely, for "TURNING YOUR BATHROOM INTO A SHOWROOM OR DISPLAY," "TURN YOUR RESTROOM INTO A PROFIT CENTER," "Turn your bathroom into a display," "Turn your bathroom into a showroom," "Display consisting of Bowl, sample product, spoon, message card," "Please enjoy a one minute hand massage compliments of us available for purchase ask our staff," "TURN YOUR BATHROOM INTO A PROFIT CENTER," and "TURN YOUR RESTROOM INTO A DISPLAY." Compl., Ex. 1. While unclear, it appears that SOTI is arguing that the copyright registration certificate operates to give it a trademark in the marketing method that it employs. A copyright in an image does not equal trademark protection in the products in that image. A search of the USPTO database reveals that SOTI had a trademark for the formula of its personal care products including salt scrubs and hand creams, registered as of September 11, 2012. To the extent that SOTI is bringing Lanham Act claims for the personal care products themselves, SOTI may assert claims for trademark infringement that accrued after February 2014. However, the bulk of SOTI's claims appear to be premised on the marketing method and packaging practice of packing personal skin care products in mason jars—not on the products themselves. SOTI also alleges that it has filed an application for a utility patent for its marketing and sales methods with the USPTO. Compl. ¶ 130. However, it cites no authority for the

proposition that an application for a patent is enough to prove that it has a trademark for Lanham Act purposes.

SOTI alleges that it has submitted a formal application for registration of trademarks with the United States Patent and Trademark Office (USPTO). Compl. ¶ 19. Of course, even after a party files an application the USPTO can refuse to register a mark. The court reiterates that SOTI still has not adequately alleged that it has a valid trademark in the marketing method. The complaint is devoid of sufficient allegations that SOTI has a valid trademark at all, registered or otherwise.

US Foods argues that SOTI has no standing to pursue its Lanham Act claims. Assuming that SOTI is able to allege that it has a valid trademark in its marketing method, it has met the other requirements for standing. See Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 561 (5th Cir. 2001) (The Lanham Act "limit[s] standing to a narrow class of potential plaintiffs possessing [competitive or commercial] interests" harmed by the targeted conduct) (quoting Conte Bros. Automotive, Inc. v. Quaker State–Slick 50, Inc., 165 F.3d 221, 229 (3d Cir. 1998)); Stanfield v. Osborne Indus., 52 F.3d 867, 873 (10th Cir. 1995) ("to have standing for a false advertising claim [under the Lanham Act], the plaintiff must be a competitor of the defendant and allege a competitive injury"). There is some difference among the circuit courts about what qualifies as a commercial or competitive interest for standing purposes. Compare Berni v. Int'l Gourmet Restaurants of America, Inc., 838 F.2d 642, 648 (2d Cir. 1988) ("Although a [Lanham Act] plaintiff need not be a direct competitor . . . standing to bring a . . . claim requires the potential for commercial or competitive injury.") with Stanfield, 52 F.3d at

873 ("[Lanham Act] plaintiff must be a competitor of the defendant and allege a competitive injury").

What SOTI claims—that defendants marketed and sold products which were "strikingly and confusingly similar" to its own line of products, and used a marketing method to sell these salts and lotions that was "strikingly similar" to SOTI's—alleges a claim for commercial injury. ECF No. 29 at 7. Lost sales and damage to business reputation are "injuries to precisely the sorts of commercial interests the [Lanham] Act protects." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 310 (4th Cir. 2012) (quoting Nintendo of Am., Inc. v. Aeropower Co., 34 F.3d 246, 250 (4th Cir. 1994) ("[W]e have reasoned that the archetypal injury contemplated by the Act is harm to the plaintiff's 'trade reputation in United States markets.'")). To the extent that SOTI is asserting Lanham Act claims for aspects of its marketing method or packaging <u>that it actually has trademarks for</u>, SOTI has standing under the Lanham Act. But as set forth in the complaint, the court cannot discern what SOTI has trademarks for—if anything. Because SOTI has not sufficiently alleged that it "possesses" a mark, the court grants the motion to dismiss on all of the Lanham Act claims.

  **b. Laches**

Having established that SOTI has standing under the Lanham Act, the court proceeds to the laches argument. Many of SOTI's Lanham Act claims are barred by the doctrine of laches, as the five-year delay between Hoy's initial contact with US Foods about Hymans' infringing actions and its filing of this lawsuit is unreasonable.

Courts apply laches to address the inequities created by a trademark owner who, despite having a colorable infringement claim, has unreasonably delayed in seeking

redress to the detriment of the defendant. Sara Lee Corp. v. Kayser–Roth Corp., 81 F.3d 455, 461 (4th Cir. 1996). In determining whether laches operates as a defense to a trademark infringement claim, the court is to consider at least the following factors: (1) whether the owner of the mark knew of the infringing use; (2) whether the owner's delay in challenging the infringement of the mark was inexcusable or unreasonable; and (3) whether the infringing user has been unduly prejudiced by the owner's delay. Sara Lee Corp., 81 F.3d at 461 n. 7. SOTI asks for treble damages for damages accrued over six years—three years past the statute of limitations for a Lanham Act case in South Carolina and five years since the 2012 phone call between Hoy and US Foods. For example, in calculating actual business losses due to SOTI's forced reduction in prices to be competitive with Hyman defendants, SOTI multiplies its profit loss per year by six years. Compl. ¶ 8(A)(iii)(c). SOTI then asks for treble damages on that profit loss, for a total amount of $20,160,000. This damages figure could have been greatly reduced if SOTI had brought this lawsuit in any of the five years since it learned, at least by July 2012, that Hyman defendants were selling and marketing an infringing product.

Laches also bars false advertising claims where a defendant is prejudiced by a plaintiff's unreasonable delay in bringing suit after the plaintiff knew of the defendant's violation. What–A–Burger of Virginia v. Whataburger of Corpus Christi, Texas, 357 F.3d 441, 449 (4th Cir. 2004) ("Because the Lanham Act does not include a limitations period, courts use the doctrine of laches to address the inequities created by a trademark owner who, despite having a colorable infringement claim, allows a competitor to develop its products around the mark and expand its business, only then to lower the litigation boom."). When a false advertising plaintiff files suit outside of the statute of

limitations, both elements of laches—unreasonable delay and prejudice—are strongly presumed. See EEOC v. The Great Atlantic & Pacific Tea Co., 735 F.2d 69, 80 (3d Cir. 1984) (finding that once the statute of limitations has expired, the defendant "enjoys the benefit of a presumption of inexcusable delay and prejudice"). Here, by alleging that Hyman defendants have been unjustly enriched as a result of placing SOTI's products in their own packaging—and placing products similar to SOTI's in their own packaging—and calculating damages that increase based on the number of years that defendants have been selling and marketing the infringing product, SOTI is benefiting from its own unreasonable delay. Compl. ¶ 71.

### c. Substantive Lanham Act Claims

SOTI levies a number of Lanham Act claims against defendants, including false advertising, false designation of origin, and trade dress infringement. However, while the relevant portions of the complaint outline the legal requirements of each of the claims, at no point does SOTI specify which <u>facts</u> support which claim or against which defendant each claim is levied. SOTI's complaint has a "fact section" that is nearly a hundred paragraphs, yet does not delineate what facts apply to what claims. The briefing on this motion is not particularly helpful in deducing SOTI's claims. For example, in its response to Hyman defendants' motion to dismiss, SOTI repeatedly conflates the meaning of "trade dress" and "trademark" and uses the terms interchangeably, even though each carries a unique meaning in the Lanham Act. The court grants Hyman defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e) and emphasizes to SOTI that its amended complaint <u>must specify which facts apply to which claim and which claim is levied against which defendant</u>.

### 3. Common Law Unfair Competition

SOTI's eighth claim is for common law unfair competition. Compl. ¶¶ 112–15. The elements of common law unfair competition under South Carolina law are identical to the elements for proving a Lanham Act claim. Shakespeare Co. v. Silstar Corp. of Am., Inc., 802 F.Supp. 1386, 1399 (D.S.C. 1992), rev'd on other grounds by, Shakespeare Co. v. Silstar Corp. of Am., Inc., 9 F.3d 1091 (4th Cir. 1993) (noting that the elements of common law unfair competition under South Carolina law are identical to the elements for proving a Lanham Act claim); see also Long Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 930 n. 10 (4th Cir. 1995) ("The test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition . . .").

As discussed in Section III.2 addressing the Lanham Act claims, it is not clear that SOTI has alleged that it has a valid protectable trademark in any of the marketing slogans or methods that it uses. Since the court finds that SOTI has not sufficiently alleged that it "possesses" a mark, the court grants the motion to dismiss on the common law unfair competition claim and directs SOTI to, in the amended complaint, make clear that it "possesses" a mark in the marketing method that it uses to sell the skin care products such that it can even bring this claim. See Lone Star Steakhouse & Saloon, Inc., 43 F.3d at 930 (In order to prevail on claims of trademark infringement and unfair competition under the Lanham Act, a plaintiff must allege that "it has a valid, protectable trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers.").

### 4. Action for damages due to federal copyright infringement

SOTI's ninth claim is for federal copyright infringement. A search of the copyright registration number VA0002026397 that SOTI alleges it owns turns up a series of three photographs registered to SOTI: (1) an image of the display sign of "TURN YOUR BATHROOM INTO A SHOWROOM OR DISPLAY"; (2) an image of a mason jar with bath salts inside of it; and (3) an image of an additional display. To prevail on a copyright infringement claim, a plaintiff must prove that it owns a valid copyright, and it must establish that the defendant engaged in unauthorized copying of the work protected by the copyright. Towler v. Sayles, 76 F.3d 579, 581 (4th Cir. 1996). However, again SOTI seems to be confusing a copyright infringement claim for a trademark infringement claim—at no point does SOTI allege that Hyman defendants used the images that SOTI has a copyright to. Instead, SOTI appears to allege trademark infringement of the products contained in the copyrighted images.[4] Therefore, the court grants the motion to dismiss as to the copyright infringement claim.

---

[4] But again, SOTI has not sufficiently alleged that it has a trademark in those products. To prevail under a trademark infringement claim, a plaintiff must prove:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001) (citations omitted). SOTI fails this test.

First, SOTI is the owner of copyright registration number VA0002026397 for an image of its marketing methods, including "turning your bathroom into a showroom or display," "turn your restroom into a profit center," and a "display consisting of bowl, sample product, spoon, message card." ECF No. 29 at 14. The copyright registration attached to the complaint shows that USPTO issued the registration on January 11, 2017, and that it extends to an image of the display sign, the jar, and the display. Compl. Ex. 10, USPTO Copyright Registration. What SOTI does not have is a valid and protectable mark in the display sign or the method of packaging bath salts in mason jars. Therefore,

Hyman defendants argue that the statute of limitations bars all of SOTI's claims. ECF No. 16 at 4. This argument fails. Even if all of SOTI's federal copyright

---

it fails this first factor of the PETA test, and the court's inquiry ends here. Assuming for the sake of argument that SOTI had alleged that it had a valid and protectable mark in the display sign and the packaging method of putting bath salts in mason jars, it would fulfill the remaining factors in the PETA test.

Second, SOTI alleges that defendants have engaged in marketing products and displays, marketing plans, and marketing methods "without any license, grant, or permission from SOTI." ECF No. 29 at 14. This is sufficient to fulfill the second prong of the PETA test, that defendants used the mark. SOTI even attaches an exhibit showing a screenshot of HC's YouTube, Inc. video using these trademarks and slogans. Compl., Ex. 3.

Third, SOTI alleges that Hyman defendants have "sourced and/or manufactured the various infringing products, and packaging, jars, and displays" and "sold the products, jars, packaging, displays" to US Foods. Compl. ¶ 6. US Foods, in turn, "manufactures, and/or markets, distributes, uses, and/or sells the products, displays, packaging, marketing plan, marketing method" including the "turning your bathroom into a showroom or display" marketing method. Compl. ¶ 6. SOTI further alleges that defendants have appropriated this marketing method "for their own profit and advantage," and have gained sales accounts from this marketing method. Compl. ¶ 7. This fulfills the third prong of PETA, which requires a party to prove that a defendant used the mark "in commerce."

Fourth, SOTI sufficiently alleges that the Hyman defendants use SOTI's marketing method and packaging, including placing the infringing products in a mason jar for sale at trade shows. Compl. ¶ 1(M). US Foods "associate[es]" with Hyman defendants to "present, market and advertise, take orders" for the products. Id. SOTI attaches exhibits of screenshots from the HC website, clearly showing that HC products such as the salt scrub are packaged in a mason jar and come with a wooden bowl. Compl, Ex. 9. This fulfills the fourth prong of PETA, that SOTI has sufficiently alleged that Hyman defendants used the mark—whatever "the mark" is— "in connection with the sale, offering for sale, distribution, or advertising" of goods or services.

Fifth, SOTI alleges it has gotten "calls and complaints" from consumers about soured products being sold which were actually HC products. Compl. ¶ 139. SOTI attaches an exhibit showing HC product packaging and displays as evidence that the products are packaged in packaging and presented in displays "designed to confuse consumers" into thinking they are from SOTI. Compl. ¶ 47. The likelihood of confusion is a factual issue dependent on the circumstances of each case and courts have found that it "ill-suited" on a motion to dismiss. See Petro Stopping Ctrs., L.P. v. James River Petroleum, Inc., 130 F.3d 88, 92 (4th Cir. 1997). However, SOTI's allegations that it has received calls and complaints are sufficient at this preliminary stage to fulfill this prong of the PETA test.

infringement claims are subject to a three-year statute of limitations, the certificate of registration was issued fairly recently—on January 11, 2017. SOTI's claims for federal copyright infringement would only begin to accrue after this date, falling within the three-year statute of limitations. Of course, this cuts both ways. Unless SOTI has an argument—independent of the copyright registration—that it possessed the copyright (consisting of the display sign, jar, and display) before January 2017, SOTI can only bring claims for copyright infringement for infringing acts occurring after January 11, 2017. Of course, since the court finds that SOTI does not sufficiently allege copyright infringement the court grants the motion to dismiss the copyright infringement claim.

  5. **Injunctive relief under 17 U.S.C. § 503**

SOTI seeks injunctive relief preventing defendants from future infringing activity against its personal skin care products. A court may "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." 17 U.S.C. § 503(b). Granting such a broad injunction seems to be more suited for the merits stage as opposed to the motion to dismiss stage, but the court does not dismiss the claim at this time.

  6. **Damages for US Patent Pending**

In count 11 of its complaint, SOTI alleges a violation of a "pending" patent application and asks to be awarded any relief "available by law." Compl. ¶ 130. SOTI alleges that its marketing and sales methods are "unique and original" and have been filed under a utility patent application with the USPTO. Compl. ¶ 130. However, the complaint does not mention what statute or legal doctrine SOTI is bringing this claim

under. Certainly, the court was unable to find any caselaw analyzing a claim for a "US Patent Pending." Therefore, this claim is dismissed.

## IV. CONCLUSION

The court **GRANTS IN PART AND DENIES IN PART** the motions to dismiss, and **ORDERS** SOTI to amend the complaint within 30 days of the date of this order. In the amended complaint, the court directs SOTI to delineate what facts apply to what claims, as well as which claim is levied against which defendant.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2018**
**Charleston, South Carolina**